UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL STEPHEN JOHNSON,

Plaintiff,

v.

THOMAS L. HARRISON, et al.,

Defendants.

Case No. 6:18-cv-00738-JR

ORDER

AIKEN, District Judge:

Plaintiff, a federal inmate appearing pro se, files this civil rights action and applies to proceed in forma pauperis. However, plaintiff's Complaint is deficient and must be dismissed.

In federal court, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's

1 -     ORDER

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff purports to allege numerous claims under 42 U.S.C. § 1983 against law enforcement officers from the City of Toledo and several prosecutors. Plaintiff also purports to bring civil rights claims against agents from the Federal Bureau of Investigation, a foreign-non-governmental organization, and several of its members. However, the alleged actions giving rise to plaintiff's claims occurred in 2013 and 2014 and are barred by the relevant statute of limitations, because the events in question occurred more than two years before plaintiff filed suit. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (complaint may be dismissed on statute of limitations grounds so long as the running of the limitation period is apparent on the face of the complaint).

Further, absolute immunity generally shields prosecutors from suit under § 1983 if the claims are related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The prosecutors' alleged actions in this case reflect prosecutorial decisions intimately associated with the judicial phase of the criminal process. *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (absolute prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution").

More significantly, plaintiff's claims implicate the validity of charges against him and his recent convictions in federal court and are barred by the *Heck* rule. *See United States v. Johnson*, Case No. 6:14-cr-00482-MC; *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule bars

2 - ORDER

damages claims implicating the unconstitutionality or validity of a conviction or sentence unless the conviction or sentence was invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Id.* at 486-87. Specifically, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Essentially, plaintiff alleges that defendants conspired to bring criminal charges against him and to secure his presence in the United States to face those charges. Accordingly, *Heck* bars these claims.

Finally, to the extent plaintiff challenges his removal from Cambodia, it is well established that the manner of his removal did not implicate jurisdiction over him. "The power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (citing *Ker v. Illinois*, 199 U.S. 436, 440 (1886)); *see also id.* ("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.").

These deficiencies cannot be cured through amendment, and this action is DISMISSED. IT IS SO ORDERED.

DATED this 4 day of June, 2018.

Ann Aiken
United States District Judge